[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff Cob Properties, LLC challenges a decision of the Department of Transportation cancelling the auction of a parcel of state-owned land three days before bids were scheduled to be opened. The defendants, who are the State of Connecticut, the Department of Transportation, the Commissioner of the Department of Transportation, and the Department of Environmental Protection, move to dismiss this lawsuit on the grounds (1) this court lacks subject matter jurisdiction by virtue of the doctrine of sovereign immunity, (2) the plaintiff lacks standing and, (3) the plaintiff fails to state a substantial claim that would entitle it to the relief sought. For the reasons stated below, the motions to dismiss are granted.[1]
The Department of Transportation offered abutting property owners the opportunity to submit sealed bids for the purchase of a parcel of property in Westport and set a bid opening date of June 13, 2002. The bid form contained the following pertinent provisions: "The State reserves the right to unilaterally and without cause accept or reject any or all bids, and to withdraw this invitation to bid at any time before or after bids are opened. . . . The undersigned hereby . . . expressly agrees that this proposal is tendered subject to all of the conditions set forth herein." Before the bid opening date arrived, officials of the Department of Transportation met with state legislators, officials from the Town of Westport, persons living in the area where the property is located, and officials of the Department of Environmental Protection. Thereafter, the Commissioner of the Department of Transportation canceled the proposed sale in order to give the legislators time to introduce a bill in the legislature that, if enacted into law, would transfer the land to the Department of Environmental Protection, thereby preserving the land as open space. None of the bids were opened. The Department of Transportation returned the unopened bids before the bid opening date. CT Page 15550
The plaintiff had hopes of purchasing the property and had submitted a bid. The plaintiff claims that the sale process became irreversibly mobilized once state officials decided to sell the parcel by the competitive bidding process pursuant to General Statutes §§ 3-14b and13a-80 and the Town of Westport declined its right to acquire the property pursuant to General Statutes § 3-14b. Thus, the plaintiff argues that it was illegal for the legislators and other elected officials to contact officials at the departments of transportation and environmental protection, that it was illegal for the state officials to cancel the auction, and that the decision by Department of Transportation to stop the bidding process deprived the plaintiff of due process of law and equal protection of the law in violation of the United States and Connecticut constitutions. The plaintiff requests this court to issue a temporary injunction restraining the state defendants from conveying the land to anyone and a permanent injunction mandating the defendants to convey the property to the highest bidder. The plaintiff also wants this court to bar the Department of Transportation from transferring the land to the control of the Department of Environmental Protection should a law be enacted mandating such a transfer.
In response to the defendants' claims, the plaintiff first argues that conduct of the legislators "constitute interference by the legislative branch on the executive branch which is charged with the management and disposition of State owned property." (Plaintiff's memorandum of 11/14/02 at p. 11). This claim is asserted but not articulated further. It is without merit.
In response to the defendants' claim that the plaintiff's lawsuit is barred by the doctrine of sovereign immunity, the plaintiff argues that sovereign immunity does not apply because the allegations of its complaint and the evidence presented to this court show that the government officials committed illegal acts and, when they cancelled the bid process, acted in excess of their statutory authority. Neither the complaint, once shorn of legal conclusions, nor the evidence presented before this court substantiate these claims. The relevant findings of facts are as set forth above. Reserving the right to reject all bids and cancelling the auction were not, as the plaintiff claims, acts in excess of the defendants' statutory authority. The defendants' conduct did not, as the plaintiff claims, undermine the object and integrity of the competitive bidding process.
In response to the defendants' claim that the plaintiff lacks standing, the plaintiff argues that standing exists because the decision by the Commissioner of the Department of Transportation to cancel the sale was arbitrary, unreasonable, unconstitutional and illegal CT Page 15551 (Plaintiff's Memorandum of 11/14/1 at p. 18) and because the "plaintiff alleged colorable claims of illegal conduct, constitutional and statutory violations, favoritism, fraud, corruption, lack of good faith, fair dealing, just consideration, discrimination by giving preferential treatment to local politicians, and an anti-government group who attended a secret meeting without the plaintiff, and other conduct all of which undermines the object and integrity of the competitive bidding statutes and process." (Plaintiff's Memorandum of 11/14/02 at p. 21). The plaintiff's allegations, when viewed in light of the evidence, do not support a claim that fraud, corruption or favoritism influenced the conduct of the bidding officials or that the integrity of the competitive bidding process was defeated.
Finally, the plaintiff argues that the "right to reject all bids" and the "right to cancel" was in excess of the defendants' authority" and "was wrongfully exercised for illegal and improper purposes." The evidence presented in connection with the defendants' motion to dismiss does not support this claim.
The defendants are exempt from suit under the doctrine of sovereign immunity. It is not necessary for this court to recite the legal principals briefed in the defendants' memorandum that has been filed in support of the motions to dismiss. The plaintiff has failed to cite any statute expressly waiving sovereign immunity and authorizing a civil action against the state under the circumstances alleged in the plaintiff's complaint. The plaintiff has failed to show a factual or legal basis for the claim that the Department of Transportation's decision to cancel the proposed sale of the state land and to return the bids constituted a violation of plaintiff's equal protection rights under the federal and state constitutions. The plaintiff has failed to allege a substantial claim that a state official has acted without statutory authority or in excess of statutory authority and that such conduct has caused the plaintiff to suffer a cognizable injury under Connecticut law.
This court further concludes that the plaintiff, as the defendants assert in their motions to dismiss, lacks standing to pursue this lawsuit and has failed to allege a claim upon which this court can grant the requested relief. The legislators and governmental officials were doing nothing more than what was proper and expected under our democratic form of government.
The motions to dismiss are granted.
THIM, J. CT Page 15552